Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Frederic S. Fox
Donald R. Hall
Pamela A. Mayer
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14 Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
pmayer@kaplanfox.com

*Attorneys for Lead Plaintiff Movant Kim Van Langen*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED, INC., GAO XINCHENG, ALBERT C. PU, AND LI GAIHONG,<br><br>Defendants. | Case No.    CV11 02559 MMM<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF KIM VAN LANGEN FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**<br><br>Date:  August 29, 2011<br>Time:  10:00 a.m.<br>Courtroom:  780<br><br>Hon. Margaret M. Morrow |

1

2   JACOB LEVY, INDIVIDUALLY AND          Case No.    CV11 02717
    ON BEHALF OF ALL OTHERS
3   SIMILARLY SITUATED,                    CLASS ACTION

4                                          Hon. Margaret M. Morrow
                    PLAINTIFF,
5
            V.
6
7   CHINA INTEGRATED, INC.,
    XINCHENG GAO, ALBERT C. PU,
8   AND GAIHONG LI,

9                   DEFENDANTS.

10  NOEL X. NEGRONI, INDIVIDUALLY          Case No.    CV11 03675
    AND ON BEHALF OF ALL OTHERS
11  SIMILARLY SITUATED,                    CLASS ACTION

12                                         Hon. George H. Wu
                    PLAINTIFF,
13
            V.
14
15  CHINA INTEGRATED, INC., GAO
    XINCHENG, ALBERT C. PU, AND LI
16  GAIHONG,

17                  DEFENDANTS.

18  AARON GRUNFELD,                        Case No.    CV11 04093
    INDIVIDUALLY AND ON BEHALF
19  OF ALL OTHERS SIMILARLY               CLASS ACTION
    SITUATED,
20
                                           Hon. John A. Kronstadt
21                  PLAINTIFF,

22          V.

23  CHINA INTEGRATED, INC.,
    XINCHENG GAO, ALBERT C. PU,
24  AND GAIHONG LI,

25
                    DEFENDANTS.
26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................... 1

II.     PROCEDURAL BACKGROUND ................................................... 3

III.    SUMMARY OF THE ACTIONS ................................................... 4

IV.     ARGUMENT .................................................................................. 6

    A.  This Court Should Consolidate the Related Actions for Purposes of
        Efficiency ................................................................................ 6

    B.  Mr. Van Langen Should Be Appointed Lead Plaintiff ................ 7

        1. Mr. Van Langen Believes He Has the Largest Financial Interest in the
           Relief Sought by the Class .......................................... 7

        2. Mr. Van Langen Is Qualified Under Rule 23 .......................... 9

    C.  This Court Should Approve Mr. Van Langen's Choice of Lead
        Counsel .................................................................................. 11

V. CONCLUSION ................................................................................. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Albert Fadem Trust v. Citigroup, Inc.*,

   239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) ................................................6

*Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*,

   222 F.3d 52 (2d Cir. 2000) ................................................10

*In re Doral Fin. Corp. Sec. Litig.*,

   414 F. Supp. 2d 398 (S.D.N.Y. 2006) ................................................2

*In re Drexel Burnham Lambert Group, Inc.*,

   960 F.2d 285 (2d Cir. 1992) ................................................10

*In re Olsten Corp. Sec. Litig.*,

   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................6

*Johnson v. Celotex Corp.*,

   899 F.2d 1281 (2d Cir. 1990) ................................................6

*Mohanty v. BigBand Networks, Inc.*,

   No. 07-5101, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ................................................7

**Statutes**

15 U.S.C. §§78j(b) and 78t(a) ................................................1

Securities Exchange Act of 1934 Section 20(a) ................................................1

Securities Exchange Act of 1934 Section 21D(a) ................................................7, 8

Securities Exchange Act of 1934 Section 10(b) ................................................1

**Other Authorities**

Rule 23(a)(4) ................................................10

**Rules**

17 C.F.R. §240 10b-5................................................1

# I.   INTRODUCTION

Presently pending in this District are four related securities fraud class actions (the "Securities Class Actions") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a),and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240 10b-5.  The pending Related Cases are:

| Case Caption | Court | Case No. | Date Filed | Assigned Judge |
|---|---|---|---|---|
| *Brown v. China Integrated Energy, Inc., et al.* | C.D. Ca. | 11-cv-02559 | 3/25/2011 | Judge Margaret M. Morrow |
| *Levy v. China Integrated, Inc., et al.* | C.D. Ca. | 11-cv-02717 | 3/31/2011 | Judge Margaret M. Morrow |
| *Negroni v. China Integrated Energy, et al.* | C.D. Ca | 11-cv-03675 | 4/28/2011 | Judge George C. Wu |
| *Grunfeld v. China Integrated, Inc., et al.* | C.D. Ca. | 11-cv-04093 | 5/12/2011 | Judge John A. Kronstadt |

Kim Van Langen ("Mr. Van Langen") suffered losses of approximately $223,750[1] as a result of his purchase of China Integrated Energy, Inc. ("China Integrated Energy" or the "Company") common stock during the period between

---

[1] Mr. Van Langen's loss of $223,750 is calculated based on the last trading price for the stock of $1.84 per share on April 20, 2011.  However, considering that China Integrated Energy stock has been indefinitely halted since April 20, 2011, rendering it effectively worthless, Mr. Van Langen's losses are actually $343,451 based on the total amount he expended.

March 31, 2010 and April 20, 2011 (the "Class Period"),[2] and respectfully submits this Memorandum of Law in support of his motion to: (1) Consolidate; (2) be appointed Lead Plaintiff; and (3) approve his choice of Lead Counsel. *See* Declaration of Linda Fong, dated May 24, 2011(hereinafter "Fong Decl."), Exhibit A (Certification of Kim Van Langen); and Exhibit B (chart of estimated losses sustained by Mr. Van Langen).

Mr. Van Langen believes he has the largest financial interest of any movant. As set forth below, Mr. Van Langen requests appointment as Lead Plaintiff and requests appointment of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel.

---

[2] The Class Period referred to herein is the longest possible class period based on the cases that have been filed. For purposes of determining which lead plaintiff movant has the "largest financial interest," courts often use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that class period. *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . .").

The longest class period begins on March 31, 2010 and ends on April 20, 2011. *See Grunfeld v. China Integrated Energy, Inc., et al.*, No. 11-cv-04093 (C.D. Cal. filed May 12, 2011).   Three of the four cases filed have class periods that start on March 31, 2010 and end on March 16, 2011.  *See Brown v. China Integrated Energy, Inc.*, No. 11-cv-02559 (C.D. Cal. filed March 25, 2011); *Levy v. China Integrated Energy, Inc., et al.*, No. 11-cv-02717 (C.D. Cal. filed March 31, 2011); *Negroni v. China Integrated Energy, et al.,* No. 11-cv-03675 (C.D. Cal. filed April 28, 2011).

## II.      PROCEDURAL BACKGROUND

On March 25, 2011, the first securities class action, *Brown v. China Integrated Energy, Inc.*, No. 11-cv-02559 (C.D. Cal. filed March 25, 2011), was filed in the United States District Court for the Central District of California ("Central District of California") on behalf of shareholders who purchased shares of China Integrated Energy between March 31, 2010 and March 16, 2011.  The complaint alleges that, in violation of the Securities Exchange Act of 1934 ("Exchange Act"), China Integrated Energy and certain of its officers and/or directors made materially false and misleading statements and failed to disclose certain adverse facts during the Class Period, which were known to defendants or recklessly disregarded by them. Subsequently, on May 12, 2011, *Grunfeld v. China Integrated Energy, Inc., et al.*, No. 11-cv-04093, was filed in the Central District of California, expanding the Class Period to March 31, 2010 through April 20, 2011.

On March 25, 2011, plaintiff's counsel in *Brown* published a notice to class members with the *Business Wire* (the "Notice")*,* as required by the Private Securities Litigation Reform Act (the "PSLRA").  Fong Decl., Exhibit C.  The Notice advised purchasers of China Integrated Energy common stock of the existence of a lawsuit and the nature of defendants' statements, omissions and conduct that allegedly were concealed from investors and artificially inflated the price of China Integrated Energy common stock.  The Notice further advised potential class members of their right to

move the Court to be appointed Lead Plaintiff by May 24, 2011.  Mr. Van Langen now moves this Court to be appointed as the Lead Plaintiff in these actions.

## III.    SUMMARY OF THE ACTIONS

China Integrated Energy purports to be a leading non-state-owned integrated energy company in China engaged in three business segments, the wholesale distribution of finished oil and heavy oil products, the production and sale of biodiesel and the operation of retail gas stations.  China Integrated Energy also purports that its major business segment is the wholesale distribution of finished oil and heavy oil products.  It has been alleged that throughout the Class Period, China Integrated Energy issued false statements and made material omissions regarding China Integrated Energy's ownership interest in certain key Company assets that were wrongfully transferred to third parties.

On March 16, 2011, the first disclosure of improper acquisitions and the wrongful transfer of cash by the Company to Gao Bo, the son of China Integrated Energy's CEO, emerged in a publicly circulated analyst report.  Further material facts adversely affecting the Company were then partially disclosed on March 23, 2011 when China Integrated Energy issued a letter to shareholders that purported to deny the allegations in the March 16, 2011 research report.  However, although the March 23 shareholder letter falsely denied certain allegations, including one related party transaction, it also effectively corroborated certain other allegations that had been

made, including that RMB 20 million had been paid for an interest in a Company that China Integrated Energy had then transferred to the CEO's son.  Then, on April 5, 2011, after the market closed, the Company announced that its Audit Committee intended to conduct an independent investigation into "various issues raised by certain individuals."

On April 20, 2011, after the market closed, the NASDAQ stock market halted trading of China Integrated Energy and stated that trading "will remain halted until China Integrated Energy, Inc. has fully satisfied NASDAQ's request for additional information."  As a result, China Integrated Energy stock has not traded since April 20, 2011 when it closed at $1.84 per share.

On April 27, 2011, in a Form 8-K filed with the SEC ("April 27 Form 8-K") the Company disclosed the resignation of the Chairman of the Audit Committee following the resignation of the team of special independent investigators, including Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury Winthrop"), Deloitte Financial Advisory, and King and Wood, due to the Company's failure to provide documents requested by the independent investigators.  Further, the April 27 Form 8-K attached an April 21, 2011 letter of Pillsbury Winthrop that advised the Audit Committee in writing that it could no longer continue the investigation in a manner that would meet its professional standards because management had refused to cooperate and supply the information requested by Pillsbury Winthrop.

## IV.   ARGUMENT

### A. This Court Should Consolidate the Related Actions for Purposes of Efficiency

The Related Actions involve class action claims on behalf of class members who purchased China Integrated Energy securities during the Class Period.  All of the Related Actions assert essentially similar and overlapping class claims brought on behalf of purchasers of China Integrated Energy securities for alleged violations of the Exchange Act.  All of the Related Actions name essentially the same defendants and allege substantially overlapping and interrelated factual and legal issues.

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact.   *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Courts have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Fed. R. Civ. P. 42(a), because their unification expedites pretrial proceedings, reduces case duplication, and minimizes the expenditure of time and money by all persons concerned. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998).  Consolidating multishareholder class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties, but also reduces the confusion that may result from prosecuting related class action cases separately. *Mohanty  v.*

*BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008). Here, the test is met. Therefore, the Related Actions should be consolidated.

## B. Mr. Van Langen Should Be Appointed Lead Plaintiff

### 1. Mr. Van Langen Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA sets forth the procedure for the selection of lead plaintiff in each private action arising under the securities laws that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* Section 21D(c)(1) of the Exchange Act. The PSLRA provides that within twenty days after the date on which a class action is filed:

[T]he plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the Court to serve as lead plaintiff of the purported class.

*See* Section 21D(a)(3)(A)(i) of the Exchange Act.

Further, the PSLRA directs the Court to consider any motions by a member or members of the proposed class to serve as Lead Plaintiff(s) in response to any such notice within ninety days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  Furthermore, under the PSLRA, the Court "shall" appoint the most adequate plaintiff, and is to presume that plaintiff is "the person, or group of persons," that

(aa)   has either filed the complaint or made a motion in response to a notice…;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* Section 21D(a) (3)(B) of the Exchange Act.

Thus, the statutory language explicitly provides that a member of the class, or a person or group of persons with "the largest financial interest" is entitled to presumptive appointment as lead plaintiff.  Mr. Van Langen, with estimated losses of $223,750 based on the last traded price of China Integrated Energy common stock of $1.84 per share on April 20, 2011, or losses of $343,451 valuing China Integrated Energy common stock at $0 per share because the stock has been rendered worthless

by the indefinite trading halt, believes he has the largest financial interest of any lead plaintiff movant and is presumptively entitled to appointment as the Lead Plaintiff.

### 2. Mr. Van Langen Is Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act.  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims of the representative be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  As detailed below, Mr. Van Langen s satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as Lead Plaintiff.

### a.       Mr. Van Langen's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of conduct, even when minor distinctions exist. Mr. Van Langen's claims are typical of the claims of the members of the proposed Class.  Mr. Van Langen and all other members of the proposed Class purchased the publicly traded securities of China Integrated Energy at prices inflated by defendants' misrepresentations and omissions and were damaged thereby.  Because Mr. Van Langen's claims arise from the same course of conduct that caused other members of

the Class to acquire China Integrated Energy securities at artificially inflated prices, typicality is satisfied.

**b.    Mr. Van Langen Will Fairly and Adequately Represent the Interests of the Class**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  Generally, "adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp*. 222 F.3d 52, 60 (2d Cir. 2000) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Here, Mr. Van Langen's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Van Langen and the interests of the Class.  Mr. Van Langen shares numerous common questions of law and fact with the members of the Class, and his claims are typical of the Class. Moreover, Mr. Van Langen has demonstrated that he is willing to serve as an advocate on behalf of the Class.  Specifically, Mr. Van Langen signed a certification stating he is willing to serve as a representative of the class, including providing testimony at a deposition or trial.  Fong Decl., Exhibit A.  Thus, the close alignment of interests between Mr. Van Langen and the Class, combined with Mr. Van

Langen's strong desire to prosecute these actions on behalf of the Class, militates in favor of granting the instant motion.

### B.    This Court Should Approve Mr. Van Langen's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* Section 21D(a)(3)(B)(v) of the Exchange Act. Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of the Class. Mr. Van Langen has selected counsel highly experienced in prosecuting securities class actions. *See* Fong Decl., Exhibit D. Mr. Van Langen has retained the law firm of Kaplan Fox to serve as Lead Counsel. Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *Id.*

## V.    CONCLUSION

For the above reasons, Mr. Van Langen respectfully requests that the Court: (1) consolidate the related cases, (2) appoint Mr. Van Langen as Lead Plaintiff; and (3) approve his choice of Lead Counsel.

DATED:     May 24, 2011

Respectfully Submitted,

KAPLAN FOX & KILSHEIMER LLP

By: _____
Linda M. Fong (SBN 124232)
Laurence D. King (SBN 206423)
KAPLAN FOX & KILSHEIMER LLP

11

350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Frederic S. Fox
Donald R. Hall
Pamela A. Mayer
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14 Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
pmayer@kaplanfox.com

*Attorneys for Lead Plaintiff Movant Kim
Van Langen*

1

## CERTIFICATE OF SERVICE

2

3       I hereby certify that on May 24, 2011, I authorized the electronic filing of the

4   foregoing with the Clerk of the Court using the CM/ECF system which will send

5   notification of such filing to the e-mail addresses denoted on the attached Electronic

6   Mail Notice List.

7

8       I certify under penalty of perjury under the laws of the United States of

9   America that the foregoing is true and correct. Executed on May 24, 2011.

10

11   _____

12   Linda M. Fong
     KAPLAN FOX & KILSHEIMER LLP
13   350 Sansome Street, Suite 400
     San Francisco, CA 94104
14   Telephone:  415-772-4700
     Facsimile:   415-772-4707
15   Email: lfong@kaplanfox.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 2:11-cv-02559-MMM -PLA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Mailing Information for a Case 2:11-cv-02717-MMM -PLA

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com

- **Howard G Smith**
  legul2010@aol.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

## Mailing Information for a Case 2:11-cv-03675-GW -PJW

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter A Binkow**
  pbinkow@glancylaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 2:11-cv-04093-JAK -SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Linda M Fong**
  lfong@kaplanfox.com,kweiland@kaplanfox.com

- **Laurence D King**
  lking@kaplanfox.com,kweiland@kaplanfox.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Justin B Farar
Kaplan Fox and Kilsheimer LLP
1801 Century Park East     Suite 1095
Los Angeles, CA 90067
```